ALEXANDER KOSICK, BY HIS NEXT FRIEND, ANNA KOSICK, AND ANNA KOSICK, INDIVIDUALLY, APPELLANTS, v. STANDARD PROPERTIES, INCORPORATED, RESPONDENT.

Submitted October term, 1934—Decided March 9, 1935.

Before Justices Lloyd, Case and Donges.

For the appellants, *Aaron Heller.*

For the respondent, *Abraham I. Feltman.*

LLOYD, J. The appeal is from a judgment in the District Court entered on a finding of no cause for action.

The case was based upon a stipulation of facts from which it appeared that a janitor employed by the defendant whose duty it was to remove snow from a yard in the rear of a property of the defendant had directed his son to remove snow that had accumulated therein. Another person agreed to assist the son. While so acting the former in handling the shovel with which he was working, struck the plaintiff in the face, inflicting the injuries for which the action was brought. The plaintiff appeals and contends that there should have been a finding the other way.

The judgment must be affirmed for two reasons.

First—Because no alleged error is properly brought before us by the specification of determinations in the trial court. The legal error must be specified in the grounds of appeal. The mere assertion that there was error in giving judgment to one party rather than to the other is not sufficient. *Eckert* v. *Nazzaro*, 109 *N. J. L.* 136; 160 *Atl. Rep.* 425.

Second—Because the question presented for determination was, in its phases most favorable to the plaintiff, one of fact for the judge sitting without a jury.

The selection of one's servants is the right of the master and the delegation of authority to select another or substitute must be either expressly or impliedly conferred on the servant. Direct authority of course is clear. Implied authority may be less clear. The latter may be inferred when the work to be done is so far beyond the power of the servant as to indicate the necessity for assistance. The very nature and extent of the work may compel such reasonable conclusion. Such implication is sought here, but we think it is not availing. The stipulation simply is that there was direction by the father, the janitor, to his son to remove the snow in the backyard. Even assuming the right in the father to so direct, there was nothing to suggest that such removal was beyond the power of the son or that assistance would reasonably be required to perform the work.

The appeal is from a finding of a judge sitting as the trier of facts, and to reverse the case it would be necessary

to hold that the judge was compelled by the stipulation to find that the son had implied authority to engage the services of the man who did the injury. There is nothing in the proofs to require such finding.

The authorities bearing on this subject are to be found collated in 39 *C. J.* 1271, 1272, where numerous cases are cited. At section 1459 it is said that "where there is neither express nor implied authority given a servant to employ another to perform or to assist him in the performance of his work, or a subsequent ratification by his employer of such employment, the relation of master and servant between the employer and one so employed by his servant does not exist, and he is not liable for the negligent acts of the latter under the doctrine of *respondeat superior.*" In a leading case there cited it is said, "the doctrine [*respondeat superior*] is at best somewhat severe, and if a man is to be held liable for the action of his servants he certainly should have exclusive right to determine who they shall be." This reasoning commends itself to us as sound both in logic and in law, and unless authority to employ assistance can be clearly inferred from the proofs such authority does not exist. It was not error, even if properly before us, that the judge found for the defendant in the case.

The judgment is affirmed, with costs.